Reid v. Wiley.

STATE, JAMES REID ET AL., PROSECUTORS, v. JAMES T. WILEY ET AL., COMMISSIONERS OF TAXATION.

1. The Commissioners of Taxation act, approved March 20th, 1884, (*Pamph. L.*, *p.* 84,) is a general law and applicable to townships.
2. In townships, the township committee is the legislative or governing body mentioned in the first section of the act.
3. When the local authorities are charged by law with the levying of taxes for only some of the objects specified in the act, or when their failure extends to only some of those objects, the powers of the commissioners of taxation will be likewise circumscribed.

On *certiorari*.

Argued at June Term, 1884, before Justices KNAPP, DIXON and PARKER.

For the prosecutors, *John W. Taylor.*

For the defendants, *Frank Bergen* and *John F. Dillon*, (of New York.)

The opinion of the court was delivered by

DIXON, J.  The defendants are commissioners of taxation, appointed for the city of Elizabeth under the act entitled "An act to provide for and secure the raising of revenue for the execution of the public duties of maintaining public schools, preventing the destruction of property by fire, preserving the public health, supporting the poor, maintaining police and keeping the highways and streets in a safe condition for public use, within the limits of incorporated cities, towns and municipalities in cases where the local or municipal authorities or officers fail to provide for the performance of such duties," approved March 20th, 1884.  *Pamph. L.*, *p.* 84.

The object of this *certiorari*, bringing up the proceedings of these commissioners, is to test the validity of that statute.

The argument presented on behalf of the prosecutors is that the leading purpose of the act is the levying of taxes in order to execute the public duties mentioned in the title, whenever the ordinary local authorities charged with the levying of such taxes fail to exercise their functions; that as occasions for the employment of these extraordinary means of taxation may arise in any portion of the state, such a law, to be general, must be applicable to every section; that this law appears to be inapplicable to townships, and hence is not general; and that therefore taxes upon property cannot be imposed under it because of the constitution, (*art. IV.*, § 7, ¶ 12,) which provides that " property shall be assessed for taxes under general laws and by uniform rules, according to its true value." If the leading purpose of the act be thus defeated, all the proceedings of the commissioners under it should be set aside. *State* v. *Hudson Co. Avenue Comm'rs,* 8 *Vroom* 12; *State, McCloskey, pros.,* v. *Chamberlain,* 8 *Vroom* 388; *State, Lydecker, pros.,* v. *Engelwood,* 12 *Vroom* 154.

In the reasoning thus presented, an essential·premise is that the law is inapplicable to townships, and in their attempts to maintain this proposition the prosecutors, we think, fail.

The localities in which the statute is to be operative are by it declared to be " any incorporated city, town or municipality in this state." Townships are embraced in this language. They are all incorporated, either under the general act or by special law, and they come within the definition of a municipality, *i. e.,* a body formed by the incorporation of the inhabitants of a particular place or district, established to assist in the civil government of the state by the exercise of subordinate specified powers of legislation and regulation with respect to local and internal concerns. 1 *Dill. on Mun. Corp.*, §§ 19, 20; *State* v. *Englewood, ubi supra.*

But the prosecutors insist that two features of the act indicate that it was not designed to take effect in townships. One is that before the governor of the state can appoint the commissioners, he must " cause a notice to be given to the mayor of such city, town or municipality, if there be any such officer,

or to the president or chairman of the legislative or governing body, if there be no mayor, calling attention to the fact that the local authorities, boards or officers authorized to levy such taxes are not in existence and qualified to act as aforesaid, or that they have neglected," &c.   The prosecutors urge that there is no legislative or governing body in townships, upon whose chairman this requisite preliminary notice can be served. We regard it, however, as plain that the township committee is the body intended.   Under several statutes, which need not be here particularly cited, this committee possesses various powers of legislation and government, and it has, moreover, authority to summon a special town meeting or to appoint an assessor, when one of these courses might be necessary to prevent a condition of things constituting an occasion for the governor's notice under the act.

The other feature relied on as showing that the act was not meant to operate in townships, is the provision conferring power on the commissioners to levy taxes for some purposes, e. g., the extinguishment of fires and the support of police, with which townships generally are not charged.   But we do not understand the act as enjoining upon the commissioners the duty of levying taxes for all the objects specified in the statute in all cases.   A condition precedent to the exercise of the powers of the commissioners is a failure on the part of the regular local authorities to perform their duties ; and where no duty has been cast upon these authorities it cannot be said that they have failed.   Whenever the local authorities are bound to levy taxes for all the purposes mentioned in the act, but proceed to levy for some only, or whenever they are bound to levy taxes for only some of those purposes, but fail to discharge that obligation, then still a case arises for the intervention of the governor, but the authority of his commissioners will be limited by the neglect of duty in the regular officials. Hence we see nothing in this feature militating against the idea that the statute is enforceable in townships.   In the broadest sense it is a general law.

We do not wish to be understood as implying that if the act did not extend to townships, it would necessarily not be a general law.

Let the writ of *certiorari* be dismissed, with costs.